UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-370-FDW

| | |
|---|---|
| JERRY E. BROWNLEE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| CHIPP BAILEY, *Sheriff*, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motion to Amend/Correct, (Doc. No. 12). See 28 U.S.C. §§ 1915(e)(2); 1915A. On July 21, 2014, this Court entered an order granting Plaintiff in forma pauperis status and waiving the initial filing fee. (Doc. No. 8).

I. BACKGROUND

Pro se Plaintiff Jerry Brownlee, Jr., a state court inmate currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina, filed this action on November 7, 2013, pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action in the Eastern District of North Carolina, and that court transferred the action to this Court by order dated July 7, 2014. (Doc. No. 4). Plaintiff has named Sheriff of Mecklenburg County Chipp Bailey as the sole Defendant. On July 29, 2014, this Court ordered Plaintiff to submit an amended complaint to articulate his claims with more specificity. On the same day, Plaintiff filed the pending Motion to Amend/Correct, along with an Amended Complaint, alleging the following:

On the date of Jan. 27, 2011, plaintiff was taken into custody of Mecklenburg

1

> County Sheriffs dept. (chief sheriff, Chipp Bailey). By warrant of the State of North Carolina (case # 11crs-204429-01) for an alleged offense that occurred on Jan. 20, 2011. On the date of Feb. 7, 2011, the grand jury returned a true bill charging the plaintiff with aforementioned case. On the date of March 8, 2011, Assistant District Attorney of the state Tim Sieloff dismissed (without leave) the State's case 11crs204429-01. …. After dismissal of the only charges plaintiff was being held on, Mecklenburg Co. Sheriff's department deprived plaintiff release from their custody over (1) month; thereby falsely imprisoning and violating plaintiff's constitutional right to liberty and freedom. At or around the date of April 15th a desperate attempt to regain his freedom and maintain his livelihood . . . plaintiff posted a $37,000 bond paying a bondsman 10% fee of $3500.

(Doc. No. 12 at 1-2). In his prayer for relief, Plaintiff seeks compensatory damages of more than $250,000 and a jury trial. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A, in any action against a government employee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable

under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff alleges in his Amended Complaint that he was falsely imprisoned because he was held in jail for a month after the criminal charges against him had been dismissed.  A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment.  See Cannon v. Macon Cnty., 1 F.3d 1558, 1562-63 (11th Cir. 1993), modified on other grounds, 15 F.3d 1022 (1994).  Plaintiff has sufficiently alleged a claim for common law imprisonment under North Carolina law, which holds that "[f]alse imprisonment is the illegal restraint of one's person against his will." Hoffman v. Clinic Hosp., Inc., 213 N.C. 669, 197 S.E.2d 161 (1938).  Moreover, the Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." Cannon v. Macon Cnty., 1 F.3d at 1563.  At least one other circuit has held that "[d]etention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process." Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980).

This Court finds that, even if Plaintiff sufficiently states a claim for a due process violation, this action must be dismissed because Plaintiff has not presented sufficient allegations to impose individual liability as to Defendant Bailey.  Here, other than identifying Defendant Bailey as the Sheriff of Mecklenburg County, Plaintiff states no allegations of personal participation against Bailey.  In his capacity as sheriff, Defendant Bailey serves as a supervisory government official.  Such an individual cannot be held liable under a theory of respondeat superior because this liability generally does not attach in a § 1983 action.  See Monell v. Dep't

of Soc. Servs., 436 U.S. 658, 694 (1978). To hold Defendant Bailey responsible, Plaintiff must allege facts that tend to show that Bailey's actions, or omissions, led to his injury. Plaintiff has failed to make such a showing. See West v. Tillman, 496 F.3d 1321, 1332 (11th Cir. 2007) (per curiam) (finding that the sheriff was not deliberately indifferent to the inmate's Fourteenth Amendment due process right to a timely release from prison where the sheriff had delegated daily responsibility of the jail to a warden). Accordingly, because Sheriff Bailey is the sole Defendant, this action must be dismissed.

### IV. CONCLUSION

For the reasons stated herein, this action will be dismissed on initial review. See 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Amend/Correct, (Doc. No. 12), is **GRANTED**.

2. Plaintiff's Complaint is dismissed without prejudice.

3. The Clerk is instructed to close this civil case.

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge